# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

**No. 21-5049**

BENOIT BROOKENS,
 APPELLANT

v.

LARHONDA GAMBLE, PRESIDENT LOCAL 12, AFGE, AFL-CIO, ET AL.,
 APPELLEES

**September Term, 2021**

FILED ON: MARCH 28, 2022

Appeal from the United States District Court
for the District of Columbia
(No. 1:20-cv-01740)

**No. 21-7020**

BENOIT BROOKENS,
 APPELLANT

v.

DINO DRUDI, ET AL.,
 APPELLEES

Appeal from the United States District Court
for the District of Columbia
(No. 1:20-cv-00695)

Before: ROGERS and RAO, *Circuit Judges*, and SENTELLE, *Senior Circuit Judge*.

**No. 21-5049**                                    **September Term, 2021**
**No. 21-7020**

<u>**J U D G M E N T**</u>

These cases were considered on the record from the United States District Court for the District of Columbia and the briefs and arguments of the parties. The Court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. Cir. R. 36(d). For the reasons set forth below, it is

**ORDERED AND ADJUDGED** that the orders of the district court be affirmed.

Appellant Benoit Brookens appealed the granting of motions to dismiss in favor of appellees in two related cases. Due to the overlapping factual and legal backgrounds of the cases, we heard only one, consolidated argument. Brookens—a former employee of the Department of Labor; a former member of American Federation of Government Employees, Local 12; and a former elected delegate to American Federation of Government Employees, Council 1—brought this action against Local 12 and members of the Council 1 election committee for expelling him from Local 12 and preventing him from running for president of Council 1. Brookens asserted jurisdiction for his claims in the district court under 29 U.S.C. § 412, which provides:

> Any person whose rights secured by the provisions of this subchapter have been infringed by any violation of this subchapter may bring a civil action in a district court of the United States for such relief (including injunctions) as may be appropriate.

This section permits an aggrieved person to bring an action against a labor organization that exists for the purpose of "dealing with employers." § 402(i). However, the statute excludes "the United States or any corporation wholly owned by the Government of the United States or any State or political subdivision thereof," from its definition of "Employer." § 402(e). We affirm for the reasons provided by the district court. *Brookens v. Gamble, et al.*, No. 20-cv-1740 (CRC), Docket Entry 26 (D.D.C. Oct. 19, 2020).

Because Local 12 and Council 1 are composed exclusively of government employees, the district court rightly dismissed Brookens's claims. To the extent that Brookens contends that Council 1, unlike Local 12, is subject to the Labor-Management Reporting and Disclosure Act because it is a "joint council," § 402(i), that argument was forfeited because it was not raised in the district court, *see Keepseagle v. Perdue*, 856 F.3d 1039, 1054 (D.C. Cir. 2017).

2

Pursuant to Rule 36 of this Court, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing or petition for rehearing *en banc*. *See* Fed R. App. P. 41(b); D.C. Cir. R. 41.

**<u>Per Curiam</u>**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:    /s/
Daniel J. Reidy
Deputy Clerk